UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC HOLGUIN,<br><br>                Plaintiff,<br>v.<br>CITY OF SAN DIEGO, *et al.*,<br><br>                Defendants. | Civil No. 11-CV-2599-BAS (WVG)<br><br>ORDER DENYING WITHOUT PREJUDICE PARTIES' JOINT MOTION REGARDING CITY DEFENDANTS' REQUEST FOR INDEPENDENT MEDICAL EXAMINATIONS OF PLAINTIFF; AND MOTION TO AMEND THE SCHEDULING ORDER<br>[DOC. NO. 39] |

## I. BACKGROUND

On February 20, 2014, this Court held a telephonic Case Management Conference with counsel for all parties. As discussed during the Case Management Conference and memorialized in the Scheduling Order filed the same day, the Court accepted the parties' proposed schedule with the understanding between all parties that the Court would not entertain any requests to extend deadlines. (Doc. No. 30.) During the Case Management Conference, the parties acknowledged that the schedule set forth in the Scheduling Order would not be altered throughout the course of this litigation. Id.

On August 26, 2014, the parties filed a Joint Motion Regarding City Defendants' Request for Independent Medical Examinations ("IMEs") of Plaintiff, and Motion to Amend the Scheduling Order. (Doc. No. 39.) In the Joint Motion, the parties explain that they agree

that Plaintiff has put into controversy injuries related to his emotional distress, as well as orthopedic injuries. Id. at 1-2. The parties have agreed on specific dates for Plaintiff's psychological and orthopedic exams. Id. at 2. Defendants have secured Plaintiff's psychological exam for September 4, 2014, and Plaintiff's orthopedic exam for September 25, 2014. Id. The parties jointly request that this Court Order the two exams at the time, place, and in the manner as described in their Joint Motion. Id. at 6.

The Court's Scheduling Order requires that each expert witness designated by a party shall prepare a written report to be provided to all other parties by September 15, 2014, and that any rebuttal reports shall be provided by October 13, 2014. (Doc. No. 30 at 2.) In their Joint Motion, the parties also request that the deadline to exchange expert reports be continued to October 30, 2014, and that the deadline to exchange rebuttal reports be continued to November 15, 2014. (Doc. No. 39 at 6.)

## II. RULING

Pursuant to Federal Rule of Civil Procedure ("Rule") 16(b)(3), a district court is required to enter a pretrial scheduling order that "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed.R.Civ.P. 16(b)(3)(A). The scheduling order "controls the course of the action unless the court modifies it[ ]" and Rule "16 is to be taken seriously." Rule 16(d); Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir.1994). As the Eastern District of California has stated, parties must "diligently attempt to adhere to [the court's] schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D.Cal.1999). "A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril.'" Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir.1992) (quoting Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D.Me.1985)).

Rule 16(b)(4) "provides that a district court's scheduling order may be modified upon a showing of 'good cause,' an inquiry which focuses on the reasonable diligence of the moving party." Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n. 6 (9th Cir.2007); citing Johnson, 975 F.2d at 609. In Johnson, the Ninth circuit explained,

> ... Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed .R.Civ.P. 16 advisory committee's notes (1983 amendment) ... [T]he focus of the inquiry is upon the moving party's reasons for seeking modification.... If that party was not diligent, the inquiry should end.

Johnson, 975 F.2d at 609.

In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference ..." Jackson, 186 F.R.D. at 608.

Here, the parties have been on notice since the Case Management Conference, when the Court adopted the parties' proposed schedule, that there will be no extensions to the Scheduling Order absent good cause. See Scheduling Order (Doc. No. 30 at 1) ("The parties have acknowledged that the schedule set forth below will not be altered throughout the course of this litigation.") The facts provided by the parties in the instant Joint Motion do not constitute good cause. Rather, the Joint Motion is silent as to why Defendants were unable to schedule Plaintiff's psychological and orthopedic exams until September 4, 2014, and September 25, 2014.

In the Joint Motion, the parties state that, "A fair reading of the complaint and discovery response make clear that Plaintiff will provide testimony, his own and that of his medical care providers, about his orthopedic and psychiatric injuries." (Doc. No. 39 at 6.) The Complaint in this case was filed on November 8, 2011, and the First Amended Complaint was filed on February 1, 2012. (Doc. Nos. 1, 3.) In the November 8, 2011, Complaint, Plaintiff alleged that, as a result of the incident, he "suffered injuries to his wrists, hands, neck and head. Plaintiff also suffered severe pain to his wrists and hands..." (Doc. No. 1 at 4.) Further, Plaintiff alleged in the Complaint that he "suffered severe emotional distress, both during this incident and thereafter." Id. Therefore, Defendants have been on notice for more than two and a half years that Plaintiff has put into controversy injuries

1 related to his emotional distress, as well as orthopedic injuries.  The Joint Motion lacks the
2 requisite information about Defendants' due diligence in scheduling the IMEs.
3       The Court finds that the parties' justification for their request is devoid of any facts
4 showing due diligence leading up to this request.  Defendants have failed to explain what
5 they did, or could not do, to schedule the IMEs sooner and therefore meet the expert report
6 deadlines.  The Court is not a mere rubber stamp, and the parties must show respect for the
7 Court's schedule and its admonishment that the schedule would not be extended.  Therefore,
8 the Court hereby **DENIES WITHOUT PREJUDICE** the parties' Joint Motion regarding
9 Plaintiff's IMEs, and the request to extend the deadline to exchange expert reports and
10 rebuttal expert reports.
11       Any renewed request by the parties shall include a detailed explanation and sufficient
12 justification as to why the IMEs were not scheduled earlier.  Any renewed request shall be
13 filed on or before **September 5, 2014**, as the parties' current deadline to exchange expert
14 reports is September 15, 2014.  (Doc. No. 30 at 2.)
15 IT IS SO ORDERED.
16 DATED:  August 29, 2014

Hon. William V. Gallo
U.S. Magistrate Judge