1  JAN I. GOLDSMITH, City Attorney
   DANIEL F. BAMBERG, Assistant City Attorney
2  JOHN RILEY, Deputy City Attorney
   California State Bar No. 144268
3          Office of the City Attorney
           1200 Third Avenue, Suite 1100
4          San Diego, California 92101-4100
           Telephone:  (619) 533-5800
5          Facsimile:  (619) 533-5856

6  Attorneys for Defendants City of San Diego, Chief William Lansdowne, Officer
   Matt Johnson and Officer Richard Valenzuela
7

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10 ERIC HOLGUIN,                        )  Case No.  11cv2599 BAS (WVG)
                                        )
11          Plaintiff,                  )  **DEFENDANTS REPLY TO**
                                        )  **PLAINTIFF'S OPPOSITION TO**
12     v.                               )  **THEIR MOTION FOR PARTIAL**
                                        )  **SUMMARY JUDGMENT**
13 CITY OF SAN DIEGO; CHIEF             )  **PURSUANT TO F.R.C.P. 56**
   WILLIAM LANSDOWNE; OFFICER           )
14 MATT JOHNSON; OFFICER                )  Date:        April 27, 2015
   RICHARD VALENZUELA; OFFICER          )  Judge:       Hon. Cynthia Bashant
15 MARK HANTEN; ELITE SECURITY;         )  Court Room:  4B
   and DOES 1-20, inclusive,            )  Trial:       Not scheduled
16                                      )
            Defendants.                 )  **NO ORAL ARGUMENT UNLESS**
17                                      )  **REQUESTED BY THE COURT**
                                        )
18 _____)

19    **OBJECTION TO EVIDENCE AND SUMMARY OF THE CASE OFFERED**
20            **IN OPPOSTION BY PLAINTIFF**

21        Plaintiff offers his declaration, and that of his friend Brian Lentz, to create

22 genuine issues of fact in opposition to the instant motion (Plaintiffs Exhibits 1 and

23 2). Defendants object to these two declarations. These two declarations, in part,

24 lack foundation for facts asserted therein and offer improper opinion testimony. In

25 particular, Plaintiff's declaration opines that he was not intoxicated, (Exhibit 1,

26 paragraph 4). Plaintiff's declaration asserts that an unnamed sergeant "made a legal

27 conclusion that there was no probable cause to have me arrested for drunk in

28 public", (Exhibit 1, paragraph 6).  Plaintiff's attempts to lay a foundation in Exhibit

                                      1

1 paragraph 9 for his contention that the Los Angeles Police Department Board of Rights (Board of Rights) was not impartial [for his hearing]. Any alleged error or lack of impartiality is not at issue in this lawsuit. Plaintiff did not appeal the ruling of the Board of Rights, thus waiving his right to challenge the same. That Board of Rights ruling is now final.

The uncorroborated self-serving statements of a Plaintiff may be disregarded by the court as they are insufficient to defeat summary judgment. Cf. *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996) (plaintiff's deposition testimony regarding her disability which flatly contradicted her own prior statements and was uncorroborated could be disregarded by the court in ruling on summary judgment)

Plaintiff's inability to proffer prior deposition testimony may differ from a direct contradiction between a declaration and a deposition transcript. Nonetheless, these declarations are self serving, lack foundation, lack corroboration and do not raise genuine issues of fact in dispute.

First and foremost, the Board of Rights found that Plaintiff was guilty of Count 1 - that he was drunk in public at the time of this arrest (*see* Defendants' Exhibits 15 and 16). The Board of Rights found that Plaintiff was guilty of 10 of the 16 counts brought against him (*see* Defendants' Exhibits 15 and 16).  The findings against Plaintiff include that he failed, at the time of his arrest, to provide the San Diego Police with his name and occupation (Count 5), that Plaintiff provided false identification to the San Diego Police (Count 6) that Plaintiff resisted arrest by defendant officers - Johnson and Valenzuela (Count 11) that Plaintiff wrongfully attempted to re-enter the stadium (Count 13), that Plaintiff's resistance to arrest resulted in injury to Officer Johnson (Count 14) and that Plaintiff  was convicted of violating Penal Code §148.9, (Count 16) (*see* Defendants Exhibits 15 and 16).  All of these factual findings are no longer in dispute for purposes of this motion and at the time of trial.

## PLAINTIFF CANNOT COLLATERALLY ATTACK THE STATE COURT CONVICTION - HECK V. HUMPHREY

Plaintiff argues that "the validity of Plaintiff's conviction does not depend *in any way* on his eviction and subsequent seizure" (emphasis added) (Document 55 - Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment at 6:25-26). A conviction under Penal Code §148.9 requires a finding that the arrest or detention was lawful. (*See* Defendants' Exhibits 6 & 7 in support of the motion for partial summary judgment and Penal Code §148.9.) The lawfulness of the detention/arrest was specifically considered by the trial court in a pretrial proceeding. In that pretrial hearing the criminal court denied Plaintiff's motion to suppress or exclude the evidence of the initial arrest/detention of Plaintiff for drunk in public, (*see* Defendants' Exhibits 8 and 9 in support of the motion for partial summary judgment). Exhibits 8, 9 and the explicit language of Penal Code §148.9 demonstrate that a lawful detention or arrest is a prerequisite for a conviction under Penal Code §148.9. On appeal, Plaintiff's conviction was upheld. (*see* Defendants' Exhibits 10 and 11 in support of the motion for partial summary judgment).

Accordingly, Plaintiff is precluded from attacking that conviction in this lawsuit by re-litigating the lawfulness of his detention and arrest by Officers Johnson and Valenzuela. Likewise, the validity of the detention and arrest foreclose liability against Chief Lansdowne and the City i.e., if there is not constitutional tort, there is no entity liability for a false arrest.

## COLLATERAL ESTOPPEL

With respect to the findings of the criminal court and the Board of Rights, Plaintiff's argument against collateral estoppel focuses on three points:

1.    That the lawfulness of his detention or arrest, which lead to the request for Plaintiff's identification, was not at issue in these two proceedings,

2.    That there is a lack of "privity", and

3. That the Board of Rights was not impartial and therefore this Court should ignore its findings.

With respect to item No. 1, the detention and arrest of Plaintiff was determined to be lawful. The above discussion advocating the *Heck v. Humphrey* doctrine is equally applicable here. The issue of the lawfulness was specifically addressed by the trial judge, the jury and the appellate court. Plaintiff cannot re-litigate that issue in this lawsuit.

Likewise, the other factual findings of the Board of Rights are established for purposes of this lawsuit - that Plaintiff was attempting to re-enter the stadium, that he resisted arrest, that he injured Officer Johnson.

With respect to item No. 2, Plaintiff says the necessary element of privity is missing because the City and the Board of Rights are not the same party (Plaintiff's Opposition at 10:3-11). The cases Plaintiff offers in support of this proposition actually support the application of collateral estoppel in this case. (*See*, *Preciado v. Cnty. of Ventura*, 143 Cal. App. 3d 783, 787, (1982) *Rymer v. Hagler*, 211 Cal. App. 3d 1171, 1179, (1989); *Murray v. Alaska Airlines, Inc*. 50 Cal.4th 860, 863 (2010).) The doctrine of collateral estoppel looks for privity between the parties *against* whom the issue preclusion is asserted. Here, the party *against* whom the findings are asserted *vis a vis* the two hearings, is one in the same, our Plaintiff.

With respect to item No. 3, the Board of Rights' decision advises Plaintiff of his right to appeal that decision (Defendants' Exhibit 16). No appeal or request for further review was undertaken by Plaintiff. The findings of the Board of Rights are final. Plaintiff has waived his current claim that the Board was impartial. Beyond that, Plaintiff only offers his improper opinion that the Board of Rights was impartial.  Also, the criminal conviction was upheld on appeal.

## FIRST AMENDMENT

1. <u>This is not a First Amendment retaliation claim</u>. There is no conduct on the part of the Plaintiff, prior to his detention and arrest, upon which Plaintiff can

base a retaliation claim. Plaintiff had never been in contact with these defendants before his arrest; it was not a situation where Plaintiff can allege that prior contact resulted in this arrest.

2. <u>Plaintiff's challenge of the detention and arrest itself on free speech grounds</u>. Attempting to stand the detention and arrest on its head, Plaintiff says you arrested me because I contended there was no basis to arrest me. This argument ignores the uncontested facts that he was moving back towards the stadium after eviction and that it was reported to the officers he was fighting in the stadium and claimed to be a police officer. Furthermore, Plaintiff's conviction and Board of Rights findings undercut this argument.

3. <u>The alleged free speech conduct occurred inside the stadium</u>. Plaintiff alleges his conduct inside the stadium was free speech. Plaintiff was ejected by Elite Security, not the officer defendants. Elite Security told the officers that Plaintiff had battered someone inside, was fighting, was a disruption and was claiming to be a police officer. U.S.C. §1983 liability is predicated on an individual's conduct. The officer defendants are not vicariously liable for the actions of Elite Security. Further, assuming Elite Security ejected plaintiff for speech activity, that arena, inside, is not necessarily a public forum. Elite Security, although a named defendant, is not a part of this lawsuit.

4. <u>Plaintiff does not establish that San Diego Municipal Code 59.0202(a) (7) is unconstitutional</u>. Plaintiff alleges that San Diego Municipal Code 59.0202(a) (7) regulating fan behavior is unconstitutionally vague and therefore former Police Chief William Lansdowne is liable. Plaintiff has not proven that the eviction was for speech rather than conduct. Further, the actions of Elite Security inside the stadium are independent relative to the actions of the police officers outside the stadium. The only link is that the officers had information provided by Elite that Plaintiff was fighting, had battered a security employee, was drunk and possibly impersonating an officer.

To try and create a free speech claim, Plaintiff relies on *Carreras v. City of Anaheim*, 768 F.2d 1039 (1985). *Carreras* is distinguishable; it specifically relates to speech outside a public stadium (forum). Plaintiff's eviction was from inside the stadium. Plaintiff's admission was governed by a ticket contract. *Carreras* also relied upon the fact that the challenged statue differentiated between types of speech ("no solicitation"). In contrast the San Diego statute describes prohibited conduct. Plaintiff does not show that San Diego Municipal Code 59.0202(a)(7) is vague on its face.

     5.    <u>The type of handcuffs does not implicate free speech</u>. Plaintiff's declaration, pa

     6.    r. 5, describes that he was in one kind of handcuff (metal) while others were in flex cuffs. The need to handcuff all prisoners is as described in Sergeant Mondesir's testimony. (*See* Sgt. Mondesir's declaration offered in support of this motion, Defendants' Exhibit 20.) Plaintiff's declaration acknowledges that all prisoners were handcuffed. Plaintiff offers no evidence that the choice of handcuffs is tied to free speech activity.

**INDIVIDUAL LIABILITY OF LANSDOWNE AND ENTITY LIABILITY**

Under a theory of a pattern of custom and practice Plaintiff claims that former Chief Lansdowne and the City of San Diego are liable to Plaintiff because San Diego Municipal Code 59.0202(a) (7) is vague. Plaintiff's argument is found on an improper reading of the cases describing what a public forum is and what is improper conduct versus permissible speech. (*Carreras v. City of Anaheim*, 768 F.2d 1039 (1985) speaks to speech outside the arena and restricted to solicitation.)

The Municipal Code at issue herein, speaks to "Behave in so noisy, boisterous or rowdy manner . . .", this is conduct not content). Elite Security told the officers that Plaintiff was ejected for fighting. A reasonable officer may rely on that type of a crime report. ("[I]nformation from a citizen who purports to be the victim of a robbery or an assault has been held sufficient even though his reliability

has not been previously tested. [Citations.] [She] ... is more than a mere informer who gives a tip to law enforcement officers that a person is engaged in a course of criminal conduct."' (*People v. Hogan*, 71 Cal.2d 888, 890 (1969).)" *Hamilton v. City of San Diego*, 217 Cal. App. 3d 838, 844 (1990).)

If a remedy exists for the eviction, it is against Elite Security, which allegedly evicted Plaintiff for his free speech activity. Plaintiff's contends that Elite employees are "state actors". Whether or not this is a correct application of the law, this conclusion is irrelevant as to the moving defendants. Chief Lansdowne as an individual, or the City as an entity, are not liable under U.S.C. §1983 for the actions of other actors.

Plaintiff offers no other instances of similar conduct to establish a custom or practice of unlawfully applying the statute at issue. Likewise, Plaintiff offers no evidence to support a claim that the City or Lansdowne were deliberately indifferent to a known unlawful custom and practice and in turn, failed to provide specific training or alternative supervision.

## QUALIFIED IMMUNITY

Although it is not always incumbent upon a section 1983 plaintiff to point to a case directly on point to show the right was clearly established, without such a case the conduct in question must be so egregious that any reasonable person would have recognized a constitutional violation. *Backlund v. Barnhart*, 778 F.2d 1386, 1390 (9th Cir. 1985).

Under the totality of the circumstances known to Officers Johnson and Valenzuela, a reasonable officer in their position could conclude that Plaintiff was lawfully ejected by Elite from the stadium. Likewise, the conduct of Plaintiff, turning around after exiting, the manner of his speech, red eyes, smell of alcohol, reports of fighting and impersonating an officer could lead a reasonable officer to detain and arrest the Plaintiff.

Plaintiff's reasoning that San Diego Municipal Code 59.0202(a) (7) is unconstitutionally vague would not be clear to a reasonable officer or law enforcement supervisor. Moreover, these defendant officers did not make a determination to arrest for violation of said Municipal Code.

Plaintiff gratuitously speculates that Plaintiff was ejected for speech, not fighting. That predicate for ejection goes to Elite, not these officers or Chief Lansdowne for that matter. Regardless, Chief Lansdowne and these officers could reasonably believe the San Diego Municipal Code section lawfully prohibited conduct, not speech content. A mistake or a wrongful report by Elite to the officers does not prevent the application of qualified immunity. Under these circumstances- conduct taking place inside the stadium - that Plaintiff was fighting, not engaging in speech - the law was unclear as to these defendants.

## CONCLUSION

The criminal trial court, the criminal appellate court and the Los Angeles Police Department Board of Rights, concluded that Plaintiff was lawfully detained and arrested by Officers Johnson and Valenzuela. Plaintiff is precluded from re-litigating those findings of fact and law. In turn, Plaintiff's claims against former Police Chief Lansdowne and the City of San Diego, framed in terms of first amendment violations, failure to train, and failure to supervise have no basis.

Further, the Los Angeles Police Department Board of Rights, after a full hearing made the following findings:

- Plaintiff failed, at the time of his arrest, to provide the San Diego Police with his name and occupation (Count 5),

- Plaintiff provided false identification to the San Diego Police (Count 6)

- Plaintiff resisted arrest by defendant officers - Johnson and Valenzuela (Count 11)

- Plaintiff wrongfully attempted to re-enter the stadium(Count 13),

1     -     Plaintiff's resistance to arrest resulted in injury to Officer Johnson (Count 14)

2         and

3     -     Plaintiff was convicted of violating Penal Code §148.9, (Count 16) (*see*

4         Defendants Exhibits 15 and 16).

5         These factual findings are no longer in dispute for purposes of this motion

6 and at the time of trial.

7         Dated: May 11, 2015         JAN I. GOLDSMITH, City Attorney

8

9

10                          By   */s/ John Riley* _____
                            John Riley
                            Deputy City Attorney

11

12                      Attorneys for Defendants City of San
                     Diego, Chief William Lansdowne,

13                      Officer Matt Johnson and Officer
                     Richard Valenzuela

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28